UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMAATO, INC., <br>     Plaintiff, <br> v. <br> MOBILEWALLA, INC., <br>     Defendant. | Case No.16-cv-05162-JSC <br><br> **ORDER RE: MOTION FOR ASSIGNMENT ORDER, ORDER RESTRAINING JUDGMENT DEBTOR, AND TURNOVER ORDER** <br><br> Re: Dkt. Nos. 22 & 27 |

Plaintiff Smaato, Inc., moves to enforce its default judgment against Mobilewalla, Inc. Plaintiff seeks: (1) an order pursuant to California Civil Procedure Code § 708.510 instructing Mobilewalla to assign its interest in any and all accounts receivable and rights to payment from any and all clients, customers, or others which owe it money to the extent necessary to pay Smaato's judgment against Mobilewalla in full; 2) an order restraining Mobilewalla and any servant, agent, employee, officer, director, shareholder or attorney for Mobilewalla, and any person(s) in active concert and participating with it, from encumbering, assigning, disposing or spending said accounts receivable, and all rights to payment thereunder; and 3) an order pursuant to California Civil Procedure Code § 699.040(e) compelling Mobilewalla to transfer to the U.S. Marshal all checks, cash, notes, instruments, deposits, deposit accounts, drafts, and accounts receivable ledgers or journals pertaining to the businesses identified herein. (Dkt. No. 22.)

Mobilewalla has not responded to Plaintiff's motion. Because the Court had concerns regarding the evidentiary support in Plaintiff's motion, the Court requested additional briefing which has been submitted. (Dkt. No. 27.) Having considered Plaintiff's submissions and the relevant legal authority, the Court GRANTS Plaintiff's motion for an assignment order, an order restraining the judgment debtor, and a turnover order.

**DISCUSSION**

Post-judgment enforcement proceedings in this federal court must comply with California law. *Hilao v. Estate of Marcos*, 95 F.3d 848, 851 (9th Cir. 1996)). The California Code of Civil Procedure "provides procedures for the assignment of assets, issuance of restraining orders, and issuance of turnover orders." *UMG Recordings, Inc. v. BCD Music Grp., Inc*., No. CV 07–05808, 2009 WL 2213678, at *1 (C.D. Cal. July 9, 2009).

**A. Assignment Order**

Under Cal. Code Civ. Proc. § 708.510(a), a judgment creditor may obtain an assignment order against a judgment debtor as follows:

> upon application of the judgment creditor on noticed motion, the court may order the judgment debtor to assign to the judgment creditor ... all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments, including but not limited to the following types of payments:
>
> (1) Wages due from the federal government that are not subject to withholding under an earnings withholding order.
>
> (2) Rents.
>
> (3) Commissions.
>
> (4) Royalties.
>
> (5) Payments due from a patent or copyright.
>
> (6) Insurance policy loan value.

Cal. Code Civ. Proc. § 708.510(a). In determining whether to issue an assignment order a court should consider "[p]ayments the judgment debtor is required to make or that are deducted in satisfaction of other judgments or garnishments," "[t]he amount remaining due on the money judgment," and "the amount being or to be received in satisfaction of the right to payment that may be assigned." Cal. Code Civ. Proc. § 708.510(c). Further, "[a] right to payment may be assigned pursuant to this article only to the extent necessary to satisfy the money judgment." *Id.*

Here, Plaintiff's initial submission identified 27 "sources that are obligated to make payments to Mobilewalla including Citicorp, Starbucks Corporation, Pepsico, Inc., Proctor & Gamble Co., Donald J. Trump for President, Inc., Oracle Corporation, Dell Inc., and Ikea Systems among others. (Dkt. No. 22 at 4:10-20.) Plaintiff asked the Court to order an assignment of the

right to payment sufficient to satisfy its $262,735.55 judgment. However, Plaintiff did not identify the basis for its assertion that any of these 27 sources are required to pay Mobilewalla, and instead, it just asserted that the sources "are obligated to make payments to Mobilewalla." The Court thus ordered Plaintiff to submit supplemental briefing providing evidentiary support for its contention that these sources owe Mobilewalla funds sufficient to satisfy the judgment here. (Dkt. No. 26.)

Plaintiff's supplemental submission provides the requisite evidentiary support. *See UMG Recordings, Inc. v. BCD Music Grp., Inc.*, No. 07-05808, 2009 WL 2213678, at *3 (C.D. Cal. July 9, 2009) (granting assignment remedy where the plaintiff identified why it believed the listed sources would owe money to the debtor). Plaintiff has submitted a declaration which attests that according to Mobilewalla's own website, the following companies are its customers:

| | |
|---|---|
| Inmobi Inc. | Starcom |
| Citicorp | Nokia USA Inc. |
| GDM Services, Inc. dba Fiksu DSP | Mediaedge Worldwide Ltd dba MEC |
| Aptus Health, Inc. dba Tomorrow Networks | M+C Saatchi LA Inc. |
| Unilever United States, Inc. | The Burt's Bees Product Company |
| Starbucks Corporation | Dell Inc. |
| Mazda Motor of North America, Inc. | Ikea Systems |
| Pepsico, Inc. | Tyson Foods, Inc. dba Hillshire Farm |
| Samsung | Expedia, Inc. dba hotels.com |
| Mindshare Corporation | FCA US LLC dba Chrysler |

(Dkt. No. 27 ¶ 7; Dkt. No. 27-1 at 2-5.) Plaintiff also attaches copies of press releases and articles reflecting partnerships announced between Mobilewalla and Oracle, MediaMath, Adsquare, Eyeota, and Gravy Analytics over the last several months. (Dkt. No. 27-1 at 7-45.) Plaintiff contends that the these clients, customers, and partners of Mobilewalla have or will have accounts receivable due to Mobilewlla.[1] This information provides sufficient concreteness to assure the Court that pursuant to Section 708.510(a) there are "payment[s] due or to become due" from these sources to Mobilewalla which the Court can assign to Plaintiff. *See Legal Additions LLC v. Kowalksi*, No. C-08-2754 EMC, 2011 WL 3156724, at *2 (N.D. Cal. July 26, 2011); *UMG Recordings*, 2009 WL 2213678, at *3.

---

[1] In its supplemental submission Plaintiff withdrew Proctor & Gamble Co., and Donald J. Trump for President, Inc., from the list of companies from which it seeks an assignment.

3

Accordingly, the Court grants Plaintiff's motion for an assignment order as set forth below.

**B. Restraining Order**

Under Cal. Civ. Proc. Code § 708.520 "[w]hen an application is made pursuant to Section 708.510 or thereafter, the judgment creditor may apply to the court for an order restraining the judgment debtor from assigning or otherwise disposing of the right to payment that is sought to be assigned." Because the Court grants Plaintiff's motion for an assignment order under Section 708.510 a restraining order is proper here to ensure that the assigned rights to payment are available for satisfaction of the judgment. *See Sleepy Hollow Inv. Co. No. 2 v. Prototek, Inc.*, No. C 03-4792 MMC (MEJ), 2006 WL 279349, at *3 (N.D. Cal. Feb. 3, 2006), modified on reconsideration, 2007 WL 2701318 (N.D. Cal. Sept. 13, 2007).

**C. Turnover Order**

California Code of Civil Procedure § 699.040 governs Plaintiff's request for a turnover order:

> (a) If a writ of execution is issued, the judgment creditor may apply to the court ex parte, or on noticed motion if the court so directs or a court rule so requires, for an order directing the judgment debtor to transfer to the levying officer either or both of the following:
>
> > (1) Possession of the property sought to be levied upon if the property is sought to be levied upon by taking it into custody.
> >
> > (2) Possession of documentary evidence of title to property of or a debt owed to the judgment debtor that is sought to be levied upon. An order pursuant to this paragraph may be served when the property or debt is levied upon or thereafter.

Cal. Civ. Proc. Code § 699.040(a). A turnover order shall issue "upon a showing of need for the order." *Id*. at § 699.040(b).

Here, Plaintiff seeks the turnover order "to reach all checks, drafts, money orders, notes, instruments, deposits and deposit accounts to permit Smaato the opportunity to receive payment when the accounts receivable are turned into cash." (Dkt. No. 22 at 5:20-22.) Plaintiff contends that the order is "necessary to prevent Mobilewalla from frustrating the purpose behind the assignment order sought herein, and to give the assignment order the muscled [sic] required to effectuate the turnover of the proceeds of the receivables to satisfy the judgment." (*Id*. at 5:22-

4

26.)

Plaintiff obtained a writ of execution on February 2, 2017. Because Plaintiff has made a showing that the turnover order is necessary "to help curtail [Mobilewalla's] dilatory tactics and to give effect to the assignment order" the Court grants his request for a turnover order. *See UMG Recordings*, 2009 WL 2213678, at *3.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Assignment of Rights, Restraining Order, and Turnover Order. (Dkt. No. 22.) The Court ORDERS the following:

(1) For the following third parties:

    a) Inmobi Inc.

    b) Citicorp

    c) GDM Services, Inc. dba Fiksu DSP

    d) Aptus Health, Inc. dba Tomorrow Networks

    e) Unilever United States, Inc.

    f) Starbucks Corporation

    g) Mazda Motor of North America, Inc.

    h) Pepsico, Inc.

    i) Samsung

    j) Mindshare Corporation

    k) Oracle Corporation

    l) MediaMath, Inc.

    m) Gravy Analytics

    n) Starcom

    o) Nokia USA Inc.

    p) Mediaedge Worldwide Ltd dba MEC

    q) M+C Saatchi LA Inc.

    r) The Burt's Bees Product Company

  s) Dell Inc.

  t) Ikea Systems

  u) Tyson Foods, Inc. dba Hillshire Farm

  v) Expedia, Inc. dba hotels.com

  w) FCA US LLC dba Chrysler

  x) Adsquare

  y) Eyeota USA, Inc.

Plaintiff Smaato is ASSIGNED all accounts, accounts receivable, rights to payment of money, contract rights, contingent rights, deposits and deposit accounts, and monies due to Defendant Mobilewalla, or any of Defendant's partners, assignees, and other persons acting on its behalf. The assignment to Plaintiff Smaato is in care of its attorney Spector & Bennett, A Professional Corporation, 50 California Street, 15th Floor, San Francisco, California 94111, for purposes of payment of the Judgment in the amount of $262,735.55, plus interest and costs as may be allowed. The Assignment shall remain in place until such time as the payment is paid in full, including accrued interest.

 (2) Defendant Mobilewalla is stayed, prohibited, and enjoined from cashing, negotiating, advancing, collecting, any and all accounts, accounts receivable, rights to payment of money, claims for payment of money due from third parties, or other rights subject to this assignment.

 (3) Defendant Mobilewalla shall deliver all checks, cash, notes, instruments, deposits, deposit accounts, drafts, and accounts receivable ledgers or journals pertaining to the items identified in paragraph (1) of this Order, to the U.S. Marshal, Northern District of California, 450 Golden Gate Avenue, Room 20-6888, San Francisco, California 94102.

 **IT IS SO ORDERED.**

Dated: April 12, 2017

_Jacqueline Scott Corley_
JACQUELINE SCOTT CORLEY
United States Magistrate Judge